IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Calvin Nix, <br> AIS #167868, <br><br>     Plaintiff, <br><br> v. <br><br> Alabama Board of Pardons <br> and Paroles, et al., <br><br>     Defendants. | Civil Action No: 2:19-CV-372-WHA-CSC |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Calvin Nix, currently confined in the Easterling Correctional Facility, in Clio, Alabama, has filed the instant pro se action under 42 U.S.C. § 1983, seeking relief for certain claimed violations of his federally protected rights. Doc. 1. Plaintiff brings suit against Defendants Alabama Board of Pardons and Paroles, Lyn Head, Cliff Walker, and Terry G. Davis ("Defendants") in connection with Plaintiff being denied parole. *See id*. Plaintiff seeks injunctive and declaratory relief and requests the Court to, *inter alia*, find that Defendants' reasons for denying Plaintiff parole violated his constitutional rights. *Id*. at 13.

Pursuant to the Court's Orders, Defendants filed an answer, special report, and supporting evidentiary material addressing Plaintiff's claims for relief. Doc. 19. The Court informed Plaintiff that Defendants' special report, as supplemented, may, at any time, be treated as a motion for summary judgment, and the Court explained to Plaintiff the proper manner to respond to a motion for summary judgment. Doc. 20. Plaintiff filed a response to Defendants' special report. Doc. 25. This case is now pending on Defendants' motion for summary judgment. Upon consideration of such motion, the evidentiary materials filed in support thereof, and Plaintiff's opposition, the Court concludes that Defendants' motion for summary judgment is due to be **GRANTED**.

**I. Standard**

To survive the properly supported motion for summary judgment submitted by Defendants, Plaintiff must produce some evidence supporting his constitutional claims. *See Celotex v. Catrett*, 477 U.S. 317, 322 (1986). He must "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324. A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th

1

Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).  Consequently, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case, and on which he will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322; *Barnes v. Southwest Forest Indus. Inc.*, 814 F.2d 607 (11th Cir. 1987).  Where all the evidentiary materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, the entry of summary judgment is proper. *Celotex*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987).   Although factual inferences must be viewed in a light most favorable to the non-moving party and pro se complaints are entitled to liberal interpretation by the courts, a pro se litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  In this case, Plaintiff has failed to establish that there is a genuine issue as to a material fact to preclude summary judgment.

## II. Factual Background

By way of overview, Plaintiff asserts, Defendants violated his due process rights when they denied Plaintiff parole. Doc. 1.  Plaintiff contends that Defendants improperly interpreted the meaning of "severity of the offense" and "seriousness of the offense," and that Defendants relied on false information in making the decision to deny Plaintiff parole. *Id*. Plaintiff further alleges, because Defendants considered "negative input" from law enforcement when denying his parole, Defendants violated the separation of powers doctrine. *Id*.

Plaintiff's claims stem from the following facts, viewed in the light most favorable to Plaintiff:

Plaintiff is serving two life sentences for Rape I and Sodomy I and is classified as a "violent offender" under Alabama Code § 12-15-32. *See* Doc. 19 at 2; *see also* Doc. 25 at 1.  On June 21, 2017, Defendants Head and Davis, members of Defendant Alabama Board of Pardons and Paroles, considered Plaintiff's eligibility for parole. Docs. 19-2, 19-4.[1]  Defendants Head and Davis denied Plaintiff parole because of the two following reasons:  (1) severity of present offense is high; and (2) release will depreciate seriousness of offense or promote disrespect for the law. Doc. 19-1.  Plaintiff's next parole hearing is scheduled for June 2022. *Id*.

Additional facts are set forth as necessary.

## III. Discussion

Plaintiff argues, he was wrongfully denied parole in 2017 because Defendants relied on

---

[1] Defendant Walker testifies that he was not present at Plaintiff's parole hearing on June 21, 2017. Doc. 19-3. Defendant Walker testifies that he did not vote in the decision to deny Plaintiff parole. *Id*.  Plaintiff does not dispute this testimony in his response. Doc. 25.

2

unconstitutional reasons. *See* Doc. 1. Plaintiff asserts that Defendants incorrectly considered his crime to be severe, and that the two reasons Defendants cited in denying his parole ("severity of present offense is high" and "release will depreciate seriousness of offense or promote disrespect for the law") are too subjective. Doc. 1 at 11-12. Plaintiff argues, Defendants' interpretation of the two reasons was incorrect, in part, because Plaintiff allegedly has not "physically tortured or inflicted psychological torture to his victim." *Id*. at 11. Plaintiff also contends that Defendants unconstitutionally denied Plaintiff parole when they considered "negative input from stakeholders (victim, family of victim, law enforcement)" because this reason violates the separation of powers doctrine. *Id*. at 14. In his response, Plaintiff further argues that Defendants failed to consider Plaintiff's prison record and the numerous completed programs, which, Plaintiff alleges, supported granting him parole. *See* Doc. 25.

Plaintiff requests an Order stating that reasons five, seven, and thirteen on the Board action sheet are unconstitutional[2] and further seeks an injunction preventing use of the three reasons to deny parole. Doc. 1 at 13, 16.

Defendants contend that they are entitled to immunity in both their individual and official capacities, and, in any event, Plaintiff is not entitled to relief because they did not violate any of his constitutional rights. Doc. 19. Defendants assert Plaintiff is not entitled to the relief he seeks because Alabama inmates have no liberty interest in parole that is protected by the Due Process Clause and further, the two reasons relied upon – severity of present offense and releasing Plaintiff would depreciate the seriousness of the offense or promote disrespect for the law – were valid reasons to deny Plaintiff's parole. *Id*. at 9.

### A. The Eleventh Amendment and the Alabama Board of Pardons and Paroles

Initially, the Alabama Board of Pardons and Paroles is not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). Because Plaintiff's complaint against the Alabama Board of Pardons and Paroles is "based on an indisputably meritless legal theory," Defendants are due to be granted summary judgment on Plaintiff's claims asserted against Defendant Alabama Board of Pardons and Paroles. *See Hambright v. Alabama Bd. of Pardons & Paroles*, No. 2:18-CV-358-WHA, 2018 WL 2275263, at *1 (M.D. Ala. Apr. 25, 2018), *report and recommendation adopted sub nom. Hambright v. Alabama Bd.*

---

[2] The three reasons are as follows: (5) severity of present offense is high; (7) negative input from stakeholders (victim, family of victim, law enforcement); and (13) release will depreciate seriousness of offense or promote disrespect for the law. *See* Doc. 19-1.

*of Pardons & Paroles*, No. 2:18-CV-358-WHA, 2018 WL 2275241 (M.D. Ala. May 17, 2018) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

### B. The Eleventh Amendment and Defendants Head, Walker, and Davis

Next, while Plaintiff does not appear to seek monetary damages against Defendants Head, Walker, and Davis, to the extent he seeks to sue these defendants in their official capacity, they are entitled to absolute immunity from monetary damages. Official capacity lawsuits are "in all respects other than name, . . . treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985). "A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital*, 465 U.S. at 100, or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S. Ct. 1114, 1125 (1996). Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity. Therefore, Alabama state officials are immune from claims brought against them in their official capacities." *Lancaster v. Monroe County*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing, it is clear that Defendants Head, Walker, and Davis are state actors entitled to sovereign immunity under the Eleventh Amendment for claims seeking monetary damages from them in their official capacity. *Lancaster*, 116 F.3d at 1429; *Jackson v. Georgia Department of Transportation*, 16 F.3d 1573, 1575 (11th Cir. 1994).

### C. Qualified Immunity

Defendants assert, in their individual capacity, they are protected by the doctrine of qualified immunity. "'Qualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Ash v. Landrum*, 819 F. App'x 770, 772-73 (11th Cir. 2020) (quoting *Andujar v. Rodriguez*, 486 F.3d 1199, 1202 (11th Cir. 2007)) (quotation marks omitted in original). "To rely upon qualified immunity, a defendant first must show that he or she acted within his or her discretionary authority." *Taylor v. Villegas*, No. 6:17-CV-135, 2019 WL 4741705, at *8 (S.D. Ga. Sept. 28, 2019) (citing *Mobley v. Palm Beach Cty. Sheriff Dep't.*, 783 F.3d 1347, 1352 (11th Cir. 2015)). "Specifically, a defendant must show that he or she 'was (a) performing a legitimate job-related function (that is, pursuing a job-related goal), (b) through means that were within his power to utilize.'" *Id*. (quoting *Holloman v. Harland*, 370 F.3d 1252, 1265 (11th Cir. 2004).

Here, Plaintiff does not dispute Defendants Head and Davis were acting within their discretionary authority when they denied Plaintiff parole in 2017. Doc. 55. Defendants may therefore

4

properly assert the defense of qualified immunity, "and the burden now shifts to Plaintiff to show that qualified immunity is not appropriate." *Taylor*, 2019 WL 4741705, at *8 (citing *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002)). "'To determine whether a plaintiff has met h[is] burden, a court must both decide whether the facts that a plaintiff has alleged … make out a violation of a constitutional right and whether the right at issue was clearly established at the time of defendant's alleged misconduct.'" *Id*. (quoting *Maddox v. Stephens*, 727 F.3d 1109, 1120 (11th Cir. 2013)) (quotation marks omitted, second alteration in original).

"In *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04, 60 L.Ed.2d 668 (1979), the Supreme Court held that the Constitution does not confer a liberty interest in parole. The Court also determined, however, that states may confer such a liberty interest in parole under state law." *Monroe v. Thigpen*, 932 F.2d 1437, 1441 (11th Cir. 1991) (citing 442 U.S. at 12). "When a state statute, practice, or regulation provides for an expectancy of parole and limits official discretion to deny parole, then a liberty interest in parole is created." *Id*. (citing *Greenholtz*, 442 U.S. at 12). Applying Supreme Court precedent, the Eleventh Circuit maintains that "the Alabama parole statute, Ala. Code § 15–22–26 ([2019]), does not confer a liberty interest in parole that is protected by the Due Process Clause because the statute provides that parole may be granted at the Board's discretion." *Id*. (citing *Thomas v. Sellers,* 691 F.2d 487, 488-89 (11th Cir. 1982)) (per curiam).

The Eleventh Circuit further explained, "that federal courts should not interfere with the discretionary decisions of the Board 'absent flagrant or unauthorized action' by the Board." *Id*. (quoting *Thomas*, 691 F.2d at 489). The Court has "also held that the classification scheme adopted by the Alabama prison system to determine the custody status of prisoners 'is not arbitrary and capricious, but reasonable and appropriate.'" *Id*. (quoting *Hendking v. Smith,* 781 F.2d 850, 852 (11th Cir. 1986)) (holding that regulation denying sex offenders minimum security status does not violate the Equal Protection Clause). "[T]he classification system used by the Alabama prison system contains no inherent constitutional invalidity, but becomes constitutionally offensive only if 'the regulation is administered maliciously or in bad faith.'" *Id*. (quoting *Hendking*, 781 F.2d ay 852; *see also Francis v. Fox,* 838 F.2d 1147, 1149-50 (11th Cir. 1988)) (holding that Alabama statute governing the prisoner work-release program does not confer a liberty interest because it is discretionary).

The Eleventh Circuit in *Monroe* recognized an exception, however, to the general rule that there is no liberty interest in parole or a due process interest in parole procedures unless the state creates the expectancy of parole or limits official discretion to deny parole. The Court held that the state parole

5

Board acted "arbitrarily and capriciously" in violation of due process when it knowingly relied on false information in the prisoner's file. *Id.* at 1442. As noted above, the Court emphasized, though, that "federal courts should not interfere with the discretionary decisions of [a state parole] [b]oard 'absent flagrant or unauthorized action' by the [b]oard." *Id.* at 1441 (quoting *Thomas,* 691 F.2d at 489).

As set forth *supra*, Plaintiff argues, Defendants erred in relying on reasons five, seven, and thirteen when they denied his parole. A liberal reading of Plaintiff's allegations suggests that Plaintiff asserts Defendants knowingly relied on false reasons when they denied him parole. Plaintiff further maintains that Defendants' reliance on "negative input" violated the separation of powers doctrine.

Defendants deny relying on or using false information when deciding whether to grant Plaintiff parole and further contend, they did not consider negative input when they denied Plaintiff's parole. Docs. 19-2, 19-4.

After careful review the record, the Court finds that Plaintiff has presented no evidence that Defendants knowingly relied on any false information when making the parole decision in his case, which was based, in part, on the severity of his crime. *See Slakman v. Buckner*, 434 F. App'x 872, 875 (11th Cir. 2011). "Not only does the Board have a duty to consider in good faith all relevant information in an inmate's parole file, including Plaintiff's…history, when making parole decisions, but also a duty of personally studying an inmate to determine their fitness for parole." *Sullivan v. Williams*, No. 2:05-CV-1033-MEF, 2008 WL 4007020, at *9 (M.D. Ala. Aug. 26, 2008). Indeed, Defendants' consideration of the severity of Plaintiff's offense, is not the type of "most egregious conduct" required in an arbitrary and capricious analysis. *See Slakman*, 434 F. App'x at 875 (citing *Waddell v. Hendry Cnty. Sheriff's Office*, 329 F.3d 1300, 1305 (11 Cir. 2003)). "This is especially so since the Supreme Court has stated that 'the gravity of the offense' must be considered in making a parole determination." *Id.* (citing *Greenholtz,* 442 U.S. at 15) (stating that "[T]he parole determination … must include consideration of what the entire record shows up to the time of the sentence, including the gravity of the offense in the particular case."); *see also Jackson v. Reese,* 608 F.2d 159, 160 (5th Cir. 1979) (holding that "[i]t is clear that Jackson was not denied any constitutional rights by reason of the parole board's consideration of the nature and circumstances of his offense").

Absent a demonstration that Defendants engaged in any flagrant unauthorized action such as knowingly relying on false information to deny Plaintiff parole, he has not shown a due process violation. Insofar as Plaintiff, in his response, specifically asserts Defendants' actions violated his substantive due process rights (*see* Doc. 25), as noted above, "'[t]here is no federal constitutional right to parole.'" *Taylor v. Nix*, 240 F. App'x 830, 833 (11th Cir. 2007) (quoting *Jones v. Ray,* 279 F.3d

6

944, 946 (11th Cir. 2001) (citing *Greenholtz,* 442 U.S. at 7 (1979)). "[C]onduct by a government actor will rise to the level of a substantive due process violation only if the act can be characterized as arbitrary or conscience shocking in a constitutional sense." *Id*. (quoting *Waddell,* 329 F.3d 1300). "'[O]nly the most egregious official conduct can be said to be arbitrary in the constitutional sense.'" *Id*. (quoting *Waddell*, 329 F.3d at 1305) (citation omitted in original). Again, as noted *supra*, Plaintiff has made no showing that when Defendants denied Plaintiff's parole, their actions were arbitrary or conscience shocking. Indeed, Plaintiff cites to no caselaw holding that he has a right to parole, "and, to the contrary, there is no federal constitutional right to parole." *Taylor*, 240 F. App'x at 833 (citing *Jones,* 279 F.3d at 946). Accordingly, Plaintiff has shown no constitutional deprivation and Defendants are entitled to qualified immunity on Plaintiff's due process and false information claims.

Next, insofar as Plaintiff asserts Defendants, in relying on "negative input from stakeholders," violated the separation of powers doctrine, this claim is wholly conclusory and without merit. Indeed, while Defendants admit that they received negative input from stakeholders at the parole hearing, Defendants Head and Davis testify that they did not rely on this negative input when denying Plaintiff's parole. Docs. 19-2, 19-4. The June 2017 parole hearing Board action sheet supports this testimony. *See* Doc. 19-1. Further, to the extent Plaintiff alleges *ex parte* communication occurred at his parole hearing on behalf of Defendant Alabama Board of Pardons and Parole, the Attorney General Office, and Judge Kittrell, Plaintiff's allegations are again conclusory and are without merit or foundation. As noted by Defendants in their special report, parole hearings are conducted in open public meetings and are conducted by an administrative board, not a judge. The negative input received during Plaintiff's parole hearing was not *ex parte* communication that deprived Plaintiff of his due process rights. Plaintiff has shown no constitutional deprivation and Defendants are entitled to qualified immunity on Plaintiff's "separation of powers" claim.

Finally, insofar as Plaintiff seeks to challenge the duration of his confinement, under well-established law, Plaintiff is entitled to no relief as it challenges the fundamental legality of his incarceration. *Edwards v. Balisok,* 520 U.S. 641 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

In *Heck*, the Supreme Court held that a complaint challenging the legality of a prisoner's conviction or sentence and seeking monetary damages for relief is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Heck*, 512 U.S. at 489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of [the basis for his incarceration.]" *Heck*, 512

7

U. S. at 487; *Balisok*, 520 U.S. at 648 (holding that inmate's claims for declaratory judgment, injunctive relief or monetary damages which "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983."). The rule of *Heck* is therefore not limited to a request for damages but equally applies to an action in which declaratory or injunctive relief is sought. "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction [or other judgment on which his incarceration is based]; if he makes allegations that are inconsistent with the [decision] having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (citing *Balisok*, 520 U.S. at 646-48).

The law directs that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and [a ruling in his favor would result in] immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481. The "sole remedy in federal court" for a state prisoner challenging the constitutionality of his incarceration is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645; *Okoro*, 324 F.3d at 490 (noting *Heck* directs that a state inmate "making a collateral attack on the [basis for his confinement] . . . may not do that in a civil suit, other than a suit under the habeas corpus statute."). An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F. Supp. 1143, 1151 (N.D. Ill. 1996). Under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge." *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996); *Cook v. Baker, et al.*, 139 F. App'x 167, 169 (11th Cir. 2005) (holding that the "exclusive remedy" for a state inmate's claim challenging the basis for or validity of his incarceration "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254[.]"). The Supreme Court emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Balisok*, 520 U.S. at 649. "Later, in *Wilkinson v. Dotson,* 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), the Supreme Court reviewed its prior holdings in this area and summarized that 'a state prisoner's § 1983 action is barred (absent previous invalidation [of his conviction or sentence])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.' *Id.* at 81-82, 125 S.Ct. at 1248." *Robinson v. Satz*, 260 F. App'x 209, 212 (11th Cir. 2007) (alterations in original); *see Antonelli v. Foster*, 104 F.3d 899, 901 (7th Cir.1997) (stating that *Heck* applies to any suit "premised . . . on the invalidity of confinement pursuant to some legal process[.]").

The action of Defendants, which forms the basis for Plaintiff's complaint, has not been

8

reversed, expunged, impugned or invalidated in an appropriate state or federal action. *Heck* and its progeny bar Plaintiff's use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack on the validity of his incarceration. *Heck*, 512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the [basis for his incarceration] is reversed, expunged, invalidated, or impugned by the grant of a [federal] writ of habeas corpus [or some appropriate state court action]."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). Consequently, insofar as Plaintiff asserts a constitutional challenge to the fundamental legality of his imprisonment, it is not cognizable in this civil action as it provides no basis for relief at this time.

## IV. Conclusion

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion for summary judgment on behalf of Defendants (Doc. 19) be GRANTED and this case be DISMISSED with prejudice.

It is further

ORDERED that on or before **April 18, 2022**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a de novo determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 4th day of April 2022.

/s/ Charles S. Coody  
CHARLES S. COODY,  
UNITED STATES MAGISTRATE JUDGE